WHATLEY, Judge.
 

 In this appeal of a final judgment entered pursuant to a stipulation of the par
 
 *361
 
 ties,
 
 [1]
 
 Roger Despointes and Francois Des-pointes, as personal representatives of the estate of Jacqueline Hoyt, challenge the partial final summary judgment entered in favor of Intermatic, Inc., on the issue of collateral source payments under section 768.76(1), Florida Statutes (2007).
 
 [2]
 
 We reverse.
 

 Hoyt insured her home through a policy issued by Pacific Employer’s Insurance Company (hereinafter “CIGNA”). In 1997, Hoyt’s home suffered damages from a fire. She filed a claim with CIGNA, and CIGNA paid her $224,567.66 for the property damage caused by the fire.
 

 The CIGNA policy provided for the right of subrogation against any third party recovery. CIGNA assigned its right of subrogation to Hoyt.
 
 [3]
 
 Thereafter, Hoyt filed a complaint against Intermatic, alleging that the fire was caused by a defective surge protector manufactured by Inter-matic.
 
 [4]
 
 Intermatic filed a motion for summary judgment, and the trial court entered a final partial summary judgment in its favor, finding that Hoyt was not entitled to recover the $224,567.66 that she had already recovered from her insurance company. The trial court erred in so finding.
 

 As noted, the policy issued to Hoyt by CIGNA contained a right of subrogation, and CIGNA assigned that right of subro-gation to Hoyt. Thus, as Intermatic acknowledged in its motion for summary judgment, Hoyt stepped into the shoes of CIGNA to recover $224,567.66. Section 768.76(1) provides that “there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists.” This provision of the statute is not ambiguous, and it does not contain an exception for situations such as this where the insurer chose to assign its right of subrogation to the insured, to whom it had already made payment under the policy of insurance.
 
 See Robarts v. Diaco,
 
 581 So.2d 911, 915 (Fla. 2d DCA 1991) (noting in case involving assignment of right of contribution that “the assignment of the doctors’ rights of contribution in this case is not invalid merely because it was assigned to the original plaintiff in the tort action who may or may not have received full compensation for the injuries sustained by reason of the tort”). The trial court’s finding would allow the alleged tortfeasor to avoid paying for its alleged tort because the victim was prudent enough to obtain insurance.
 

 
 *362
 
 Accordingly, we reverse the final partial summary judgment entered in favor of Intermatic.
 

 KELLY, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.
 

 [1]
 

 . The parties entered into a stipulation for entry of final judgment because, in the opinion of the personal representatives, "provable damages in excess of insurance proceeds would not warrant further prosecution of this case.” In the stipulation, both parties preserved their right to appeal.
 

 [2]
 

 . We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.110(k), which allows for review of partial final judgments on appeal of the final judgment in the entire case.
 

 [3]
 

 . The assignment provided in pertinent part:
 

 IT IS THEREFORE AGREED, by and between the parties hereto ... [CIGNA] does hereby fully and unconditionally assign to Jacqueline D. Hoyt all right, title, and interest to the subrogation rights herein described. By making this assignment [CIGNA] shall have no further duty or responsibility concerning any action taken pursuant [sic] subrogation interests and all said obligations shall fully vest in Jacqueline D. Hoyt, her heirs, successors, or assigns.
 

 [4]
 

 .Hoyt also named Florida Power & Light Company as a defendant, but the company obtained a final summary judgment and is not involved in this appeal.